# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

CORNELL HESTER,                                    :
                                                   :
          Plaintiff,                               :
                                                   :
     v.                                            : Civ. No. 17–148-LPS
                                                   :
WARDEN DAVID PIERCE, et al.,                       :
                                                   :
          Defendants.                              :

---

Cornell Hester, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

May 10, 2017
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I.    INTRODUCTION

Plaintiff Cornell Hester ("Plaintiff"), filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.[1]  (D.I. 2)  Plaintiff is incarcerated at the James T. Vaughn Correctional Center ("VCC) in Smyrna, Delaware.  He appears *pro se* and has been denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g).[2]  Before the Court are Plaintiff's motion for recusal/disqualification and request for counsel.  (D.I. 5, 6.)

## II.    MOTION TO DISQUALIFY JUDGE

Plaintiff moves to disqualify the undersigned (D.I. 5) on the grounds of prejudice and bias in incorrectly denying Plaintiff's petition for habeas corpus.  Plaintiff asserts that it is a serious conflict to have the same judge assigned to all of his cases.  Plaintiff asks that the instant case be assigned to a judge with no "previous []knowledg[e] of his past court proceeding" in this Court.  (*Id.* at 2)

Pursuant to 28 U.S.C. § 455(a), a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned."  *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004).  Under § 455(b)(1), a judge is also required to recuse himself "[w]here he has a personal bias or prejudice concerning a party."

Under either subsection, the bias necessary to require recusal generally "must stem from a source outside of the official proceedings."  *Liteky v. United States*, 510 U.S. 540, 554 (1994); *Selkridge*

---

[1]Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2]Plaintiff has appealed the denial of his request to proceed *in forma pauperis*.  (D.I. 7, 9)

*v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (stating that beliefs or opinions which merit recusal must involve extrajudicial factor). Hence, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Similarly, claims of bias or partiality cannot be based on "expressions of impatience, dissatisfaction, annoyance, [or] even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display." *Id.* at 555-56.

It is evident in reading Plaintiff's motion that the basis on which he seeks recusal is his displeasure with this Court's rulings. A reasonable, well-informed observer could not believe that the rulings were based on partiality, bias, or actual prejudice. Nor would a reasonable, well-informed observer question this Court's impartiality. The undersigned has no actual bias or prejudice towards Plaintiff. Accordingly, there are no grounds for recusal, and the motion will be denied.

## III.    REQUEST FOR COUNSEL

Plaintiff proceeds *pro se*. He requests counsel to aid him in litigating and presenting his case on the following grounds: (1) he is unskilled in the law; (2) the issues are complex; (3) experts will be necessary; (4) investigation is needed to collect evidence; and (5) he suffers from depression, anxiety, and attack and cannot function without outside counsel. (D.I. 6.)

Federal Rule of Civil Procedure 17(c)(2) provides that "[t]he court must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." The United States Court of Appeals for the Third Circuit has determined that the district court has a responsibility to inquire *sua sponte*, under Rule 17(c)(2), whether a *pro se* litigant is incompetent to litigate his action and, therefore, is entitled to either appointment of a guardian *ad litem* or other measures to protect his rights. *See Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012).

The Court considers whether Rule 17(c) applies "[i]f a court [is] presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court receive[s] verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." *Powell*, 680 F.3d at 307 (citing *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003)). The Court "need not inquire *sua sponte* into a *pro se* plaintiff's mental competence based on a litigant's bizarre behavior alone, even if such behavior may suggest mental incapacity." *Id.* at 303 (citations omitted). The decision whether to appoint a next friend or guardian *ad litem* rests with the sound discretion of the district court. *See Powell*, 680 F.3d at 303.

In the instant action, Plaintiff makes bald allegations of mental illness. Plaintiff has not submitted any verifiable evidence of incompetence to this Court. Thus, this Court has no duty to conduct a *sua sponte* determination of competency under Rule 17(c)(2).

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[3] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *See Tabron*, 6 F.3d at 155.

Pursuant to 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person unable to afford counsel. Section 1915(e)(1) confers the district court with the power to request that counsel represent a litigant who is proceeding *in forma pauperis*. Plaintiff sought, and was

---

[3] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

denied, *in forma pauperis* status. (D.I. 4) Hence, he does not qualify for counsel under § 1915. Therefore, the Court will deny the request. (D.I. 6)

## IV.     CONCLUSION

For the above reasons, the Court will deny Plaintiff's motion for recusal/disqualification and request for counsel. (D.I. 5, 6)

An appropriate Order will be entered.